IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAKI HARPER, SHAWNTE LEIGH, and KELLY WILLIAMS, individually and on behalf of all others similarly situated, | § § § § | Civil Action No.: 3:25-cv-642 |
| Plaintiffs, | § § | |
| | § | COLLECTIVE ACTION |
| v. | § § | |
| FIRSTKEY HOMES, LLC, | § | (JURY TRIAL) |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Taki Harper, Shawnte Leigh, and Kelly Williams, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), file this Original Complaint against Defendant FirstKey Homes, LLC ("Defendant" or "FirstKey"), and in support thereof would show as follows:

### I. INTRODUCTION

1.1 Plaintiffs, individually and on behalf of all others similarly situated who have worked for Defendant, including its affiliates and subsidiaries, as move-in coordinators in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages, other unpaid wages, liquidated damages, penalties, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2 The collective action consists of current and former employees who worked for

Defendant who in the three years preceding the filing of this suit were not paid minimum wages and/or overtime compensation at time and one half their regular rates of pay for all hours they worked over 40 in a workweek in violation of the FLSA and whose job duties included assisting leasing agents with respect to the leasing activity for rental homes managed by Defendant. The collective action includes, without limitation, any individual with the job title of leasing coordinator, move-in coordinator, or any similar title who performed similar duties of the named Plaintiffs (referred to herein as a "move-in coordinator") and was not paid minimum wages and/or overtime compensation at time and one half their regular rates of pay for all hours they worked over 40 in a workweek.

1.3     The FLSA claims in this case are brought for the three years preceding the filing of this lawsuit through the date of trial in this matter.

1.4     Plaintiffs and all others similarly situated demand a jury trial.

## II. PARTIES

### A.     PLAINTIFFS

2.1     Plaintiff Taki Harper is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations.  Plaintiff Taki Harper was employed by Defendant as a move-in coordinator from approximately May 2022 to approximately January 2024. Plaintiff Taki Harper is filing a Notice of Consent contemporaneously herewith.

2.2     Plaintiff Shawnte Leigh is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations.  Plaintiff Shawnte Leigh was employed by Defendant as a move-in coordinator from approximately May 2018 to approximately January 2024. Plaintiff Shawnte Leigh is filing a Notice of Consent contemporaneously herewith.

2.3      Plaintiff Kelly Williams is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations.  Plaintiff Kelly Williams was employed by Defendant as a move-in coordinator from approximately February 2022 to approximately July 2023. Plaintiff Kelly Williams is filing a Notice of Consent contemporaneously herewith.

*Collective Action Members*

2.4      The "Collective Action Members" are those current and former move-in coordinators who worked for Defendant and were denied minimum wages and/or overtime compensation at a rate of one- and one-half times their regular rates of pay for all hours they worked over 40 in a workweek as set forth above. These similarly situated persons are referred to as "Collective Action Members," "the Collective Action," or "similarly situated."

**B.    DEFENDANT**

2.5      Defendant FirstKey Homes, LLC is a foreign limited liability company that is qualified to conduct business in the State of Texas and in this District. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. FirstKey can be served through its designated agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

2.6      Defendant FirstKey Homes, LLC is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.7      At all relevant times to this action, Defendant FirstKey Homes, LLC was an employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III. JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2     Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendant conducts business in this District; Plaintiffs Taki Harper and Shawnte Leigh were assigned to work for Defendant's market in Dallas County, Texas; and a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

### IV. FACTUAL BACKGROUND

4.1     FirstKey is one of the largest providers of single-family rental homes in the United States, with offices in at least seventeen states. FirstKey engages in managing, leasing, renovating, and administering residential rental properties.

4.2     In the past three years, Defendant has employed nearly one hundred individuals throughout the country as move-in coordinators, including Plaintiffs and all others similarly situated.

4.3     Plaintiffs and all others similarly situated assisted with the leasing process and were not paid time and one-half for all hours they worked over 40 in a workweek ("overtime compensation") and/or minimum wages.

4.4     The primary job duty of Plaintiffs and other similarly situated move-in coordinators was assisting leasing agents with respect to  the leasing activity for rental homes managed by Defendant through gathering completed leasing applications, collecting application fees, sending leases for signature, and scheduling move-in orientations, among other things.

4.5     Plaintiffs and all other similarly situated move-in coordinators performed non-exempt work for FirstKey.

4.6     Plaintiffs and all others similarly situated regularly worked over 40 hours in a week while employed by Defendant but were not paid time and one half their regular rate of pay for all hours worked over 40 in a workweek.

4.7     Defendant's policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for all hours worked over 40 in a week as required by the FLSA.

4.8     Plaintiffs and all others similarly situated are current and/or former employees of Defendant and worked uncompensated overtime hours as move-in coordinators.

4.9     Plaintiffs and all others similarly situated worked in excess of 40 hours per week without receiving overtime compensation for all hours worked over 40.

4.10    Defendant's business operations, and the wages and compensation of Plaintiffs and all others similarly situated are substantially similar, if not identical, in all of Defendant's markets throughout the country.

4.11    Defendant knowingly failed to pay overtime and/or minimum wages to Plaintiffs and all others similarly situated in violation of the FLSA.

4.12    Defendant's conduct has been willful and in bad faith. Plaintiffs and all others similarly situated are entitled to liquidated damages for such conduct.

4.13    Defendant's practice is to be deliberately indifferent to violations of overtime requirements.

4.14    No exemption excused Defendant from paying Plaintiffs and all others similarly situated overtime compensation.

## V. COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

5.3     Other similarly situated employees were/are being denied and have been denied their lawful wages.

5.4     Plaintiffs and all others similarly situated shared common job duties and responsibilities as move-in coordinators. Thus, Plaintiffs' experiences are typical of the experience of Defendant's other move-in coordinators.

5.5     The specific job titles or job requirements of the various Collective Action Members—to the extent that such titles or job duties were ever assigned—do not prevent collective treatment.

5.6     Defendant's pattern or practice of failing to pay overtime compensation and/or minimum wages as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Collective Action Members.

5.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.8     All current and former employees of Defendant properly included as Collective Action Members engaged in non-exempt work at any time during the three years prior to the date of filing this action to the date of judgment and were not paid all overtime compensation

and/or minimum wages owed under the FLSA.

5.9     Plaintiffs and the Collective Action Members all worked more than 40 hours in a workweek without receiving overtime compensation at a rate of one- and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

5.10    Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

5.11    Plaintiffs bring these claims on their behalf and on behalf of all other similarly situated move-in coordinators who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

5.12    Plaintiffs and those similarly situated frequently performed work for which they were not compensated.

5.13    Plaintiffs request that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this Collective Action may be distributed, including immediately providing the name, last known home mailing address, personal email address, personal telephone number, dates of employment, and job title(s) of all those similarly situated so that notice may be sent to those persons immediately.

5.14    Plaintiffs seek to represent those similarly situated who, after appropriate notice of their ability to opt into this action, have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.15    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.16    Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

5.17    Plaintiffs have retained the undersigned lead counsel with extensive experience in such matters to represent the members of the Collective Action.

## VI.  COUNT 1—VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiffs and all others similarly situated are currently or were formerly employed as move-in coordinators by Defendant.

6.3    Even though Plaintiffs and all others similarly situated routinely worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiffs and all others similarly situated overtime compensation at a rate of one- and one-half times their regular rate for all hours worked in excess of 40 hours per week.

6.4    Defendant has violated the FLSA by failing to pay Plaintiffs and all other similarly situated move-in coordinators overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

6.5    Defendant has not made a good faith effort to comply with the FLSA.

6.6    Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

6.7    In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiffs and by all other similarly situated employees.

6.8    Defendant deliberately failed to pay Plaintiffs and all other similarly situated move-in coordinators overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

8

6.9     No exemption excused the Defendant from paying Plaintiffs and all others similarly situated overtime compensation and/or minimum wages.

6.10     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

## VII. JURY DEMAND

7.1     Plaintiffs hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiffs and all those similarly situated who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a Collective Action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiffs and all others who opt-in to this action recover the following:

a.     an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b.     damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), minimum wages and other injuries, as provided by the FLSA;

c.     liquidated damages, as provided by the FLSA, equal to the sum of the amount of minimum wages and/or overtime compensation that were not properly paid;

d.     all applicable penalties for the violations set forth herein;

e.     an award of reasonable attorney's fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

f.     an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g.     such other and further relief, at law or in equity, as this Court deems just and appropriate.

DATED:  March 17, 2025     Respectfully submitted,

By: /s/ Rhonda H. Wills
   Rhonda H. Wills
   Texas Bar No. 00791943
   Patrick J. Raspino
   Texas Bar No. 24105976
   WILLS LAW FIRM, PLLC
   1776 Yorktown, Suite 570
   Houston, Texas 77056
   rwills@rwillslawfirm.com
   Telephone: (713) 528-4455

   Kobby T. Warren
   Texas Bar No. 24028113
   WARREN HEALY, PLLC
   1910 Pacific Avenue, Suite 9500
   Dallas, Texas 75201
   Telephone: (214) 999-9499

   **ATTORNEYS FOR PLAINTIFFS**