UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAKI HARPER, et al., | § | Civil Action No.: 3:25-cv-00642-L |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ANSWER TO COMPLAINT |
| | § | |
| FIRSTKEY HOMES, LLC, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL) |

**DEFENDANT FIRSTKEY HOMES, LLC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT**

FirstKey Homes, LLC ("Defendant"), through undersigned counsel, answers the Original Complaint filed by Plaintiffs Taki Harper, Shawnte Leigh, and Kelly Williams ("Plaintiffs") on March 17, 2025 (the "Complaint"). Subject to and without waiving any other defenses, Defendant generally denies each and every allegation in the Complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and demands strict proof thereof. Defendant reserves the right to amend this pleading upon further investigation and discovery.

**INTRODUCTION**

1.1.    Plaintiffs, individually and on behalf of all others similarly situated who have worked for Defendant, including its affiliates and subsidiaries, as move-in coordinators in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages, other unpaid wages, liquidated damages, penalties, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

**ANSWER:**    In response to Paragraph 1.1 of the Complaint, Defendant admits that Plaintiffs purport to bring this collective action lawsuit but deny that Plaintiffs or the putative collective action members are entitled to the relief sought.

  1.2. The collective action consists of current and former employees who worked for Defendant who in the three years preceding the filing of this suit were not paid minimum wages and/or overtime compensation at time and one half their regular rates of pay for all hours they worked over 40 in a workweek in violation of the FLSA and whose job duties included assisting leasing agents with respect to the leasing activity for rental homes managed by Defendant. The collective action includes, without limitation, any individual with the job title of leasing coordinator, move-in coordinator, or any similar title who performed similar duties of the named Plaintiffs (referred to herein as a "move-in coordinator") and was not paid minimum wages and/or overtime compensation at time and one half their regular rates of pay for all hours they worked over 40 in a workweek.

  **ANSWER:** Defendant denies the allegations in Paragraph 1.2 of the Complaint.

  1.3. The FLSA claims in this case are brought for the three years preceding the filing of this lawsuit through the date of trial in this matter.

  **ANSWER:** Defendant denies the allegations in Paragraph 1.3 of the Complaint.

  1.4. Plaintiffs and all others similarly situated demand a jury trial.

  **ANSWER:** Defendant admits that Plaintiffs have demanded a trial by jury and denies the remaining allegations of Paragraph 1.4 of the Complaint.

## **PARTIES**

  2.1. Plaintiff Taki Harper is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations. Plaintiff Taki Harper was employed by Defendant as a move-in coordinator from approximately May 2022 to approximately January 2024. Plaintiff Taki Harper is filing a Notice of Consent contemporaneously herewith.

  **ANSWER:** Defendant admits that Plaintiff Taki Harper was employed by Defendant as a move-in coordinator from approximately May 2022 to approximately January 2024, admits that she filed a Notice of Consent, and denies the remaining allegations in Paragraph 2.1 of the Complaint.

  2.2. Plaintiff Shawnte Leigh is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations. Plaintiff Shawnte Leigh was employed by Defendant as a move-in coordinator from approximately May 2018 to approximately January 2024. Plaintiff Shawnte Leigh is filing a Notice of Consent contemporaneously herewith.

**ANSWER:** Defendant admits that it employed Plaintiff Shawnte Leigh as a move-in coordinator, admits that she filed a Notice of Consent, and denies the remaining allegations in Paragraph 2.2 of the Complaint.

2.3.    Plaintiff Kelly Williams is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations. Plaintiff Kelly Williams was employed by Defendant as a move-in coordinator from approximately February 2022 to approximately July 2023. Plaintiff Kelly Williams is filing a Notice of Consent contemporaneously herewith.

**ANSWER:** Defendant admits that Plaintiff Kelly Williams was employed by Defendant as a move-in coordinator from approximately February 2022 to approximately July 2023, admits that she filed a Notice of Consent, and denies the remaining allegations in Paragraph 2.3 of the Complaint.

2.4.    The "Collective Action Members" are those current and former move-in coordinators who worked for Defendant and were denied minimum wages and/or overtime compensation at a rate of one- and one-half times their regular rates of pay for all hours they worked over 40 in a workweek as set forth above. These similarly situated persons are referred to as "Collective Action Members," "the Collective Action," or "similarly situated."

**ANSWER:** Defendant admits that Plaintiffs are seeking to assert claims as a collective action, but denies that any factual or legal basis exists for such claims or that Plaintiffs or the putative collective action members are entitled to any relief.

2.5.    Defendant FirstKey Homes, LLC is a foreign limited liability company that is qualified to conduct business in the State of Texas and in this District. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. FirstKey can be served through its designated agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

**ANSWER:** Defendant admits the allegations in Paragraph 2.5 of the Complaint.

2.6.    Defendant FirstKey Homes, LLC is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

**ANSWER:** Defendant admits the allegations in Paragraph 2.6 of the Complaint.

2.7.    At all relevant times to this action, Defendant FirstKey Homes, LLC was an employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**ANSWER:** Defendant makes no response to the allegations contained in Paragraph 2.7 of the Complaint as they call for a conclusion of law and, therefore, no response is required.

## JURISDICTION AND VENUE

3.1. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

**ANSWER:** Defendant makes no response to the allegations in Paragraph 3.1 of the Complaint as they call for a legal conclusion and, therefore, no response is required.

3.2. Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendant conducts business in this District; Plaintiffs Taki Harper and Shawnte Leigh were assigned to work for Defendant's market in Dallas County, Texas; and a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

**ANSWER:** Defendant makes no response to the allegations in Paragraph 3.2 of the Complaint as they call for a legal conclusion and, therefore, no response is required.

## FACTUAL BACKGROUND

4.1. FirstKey is one of the largest providers of single-family rental homes in the United States, with offices in at least seventeen states. FirstKey engages in managing, leasing, renovating, and administering residential rental properties.

**ANSWER:** Defendant admits that FirstKey engages in managing, leasing, renovating, and administering residential rental properties, denies that FirstKey has offices in at least seventeen states, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.1 of the Complaint.

4.2. In the past three years, Defendant has employed nearly one hundred individuals throughout the country as move-in coordinators, including Plaintiffs and all others similarly situated.

**ANSWER:** Defendant denies the allegations in Paragraph 4.2 of the Complaint.

4.3. Plaintiffs and all others similarly situated assisted with the leasing process and were not paid time and one-half for all hours they worked over 40 in a workweek ("overtime compensation") and/or minimum wages.

**ANSWER:** Defendant denies the allegations in Paragraph 4.3 of the Complaint.

4.4. The primary job duty of Plaintiffs and other similarly situated move-in coordinators was assisting leasing agents with respect to the leasing activity for rental homes managed by Defendant through gathering completed leasing applications, collecting application fees, sending leases for signature, and scheduling move-in orientations, among other things.

**ANSWER:** Defendant admits the allegations in Paragraph 4.4 of the Complaint.

4.5. Plaintiffs and all other similarly situated move-in coordinators performed nonexempt work for FirstKey.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.5 of the Complaint.

4.6. Plaintiffs and all others similarly situated regularly worked over 40 hours in a week while employed by Defendant but were not paid time and one half their regular rate of pay for all hours worked over 40 in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 4.6 of the Complaint.

4.7. Defendant's policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for all hours worked over 40 in a week as required by the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 4.7 of the Complaint.

4.8. Plaintiffs and all others similarly situated are current and/or former employees of Defendant and worked uncompensated overtime hours as move-in coordinators.

**ANSWER:** Defendant denies the allegations in Paragraph 4.8 of the Complaint.

4.9. Plaintiffs and all others similarly situated worked in excess of 40 hours per week without receiving overtime compensation for all hours worked over 40.

**ANSWER:** Defendant denies the allegations in Paragraph 4.9 of the Complaint.

4.10. Defendant's business operations, and the wages and compensation of Plaintiffs and all others similarly situated are substantially similar, if not identical, in all of Defendant's markets throughout the country.

**ANSWER:** Defendant denies the allegations in Paragraph 4.10 of the Complaint.

4.11. Defendant knowingly failed to pay overtime and/or minimum wages to Plaintiffs and all others similarly situated in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 4.11 of the Complaint.

4.12. Defendant's conduct has been willful and in bad faith. Plaintiffs and all others similarly situated are entitled to liquidated damages for such conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 4.12 of the Complaint.

4.13. Defendant's practice is to be deliberately indifferent to violations of overtime requirements.

**ANSWER:** Defendant denies the allegations in Paragraph 4.13 of the Complaint.

4.14. No exemption excused Defendant from paying Plaintiffs and all others similarly situated overtime compensation.

**ANSWER:** Defendant makes no response to the allegations in Paragraph 4.14 of the Complaint as they call for a legal conclusion and, therefore, no response is required.

## COLLECTIVE ACTION ALLEGATIONS

5.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses to the previous allegations contained in the Complaint as if restated herein.

5.2. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA. Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

**ANSWER:** Defendant denies the allegations in Paragraph 5.2 of the Complaint.

5.3. Other similarly situated employees were/are being denied and have been denied their lawful wages.

**ANSWER:** Defendant denies the allegations in Paragraph 5.3 of the Complaint.

5.4. Plaintiffs and all others similarly situated shared common job duties and responsibilities as move-in coordinators. Thus, Plaintiffs' experiences are typical of the experience of Defendant's other move-in coordinators.

**ANSWER:** Defendant admits that move-in coordinators share common job duties and responsibilities but denies the remaining allegations in Paragraph 5.4 of the Complaint.

5.5. The specific job titles or job requirements of the various Collective Action Members—to the extent that such titles or job duties were ever assigned—do not prevent collective treatment.

**ANSWER:** Defendant denies the allegations in Paragraph 5.5 of the Complaint.

5.6. Defendant's pattern or practice of failing to pay overtime compensation and/or minimum wages as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Collective Action Members.

**ANSWER:** Defendant denies the allegations in Paragraph 5.6 of the Complaint.

5.7. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**ANSWER:** Defendant denies the allegations in Paragraph 5.7 of the Complaint.

5.8. All current and former employees of Defendant properly included as Collective Action Members engaged in non-exempt work at any time during the three years prior to the date of filing this action to the date of judgment and were not paid all overtime compensation and/or minimum wages owed under the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 5.8 of the Complaint.

5.9. Plaintiffs and the Collective Action Members all worked more than 40 hours in a workweek without receiving overtime compensation at a rate of one- and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 5.9 of the Complaint.

5.10. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

**ANSWER:** Defendant admits that Plaintiffs filed this case as an "opt-in" collective action but denies the remaining allegations in Paragraph 5.10 of the Complaint.

5.11. Plaintiffs bring these claims on their behalf and on behalf of all other similarly situated move-in coordinators who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

**ANSWER:** Defendant admits that this action was purportedly brought on behalf of similarly situated move-in coordinators but denies the remaining allegations in Paragraph 5.11.

5.12. Plaintiffs and those similarly situated frequently performed work for which they were not compensated.

**ANSWER:** Defendant denies the allegations in Paragraph 5.12 of the Complaint.

5.13. Plaintiffs request that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this Collective Action may be distributed, including immediately providing the name, last known home mailing address, personal email address, personal telephone number, dates of employment, and job title(s) of all those similarly situated so that notice may be sent to those persons immediately.

**ANSWER:** Defendant admits that Plaintiffs make the request set forth in Paragraph 5.13 of the Complaint but denies that such request is proper.

5.14. Plaintiffs seek to represent those similarly situated who, after appropriate notice of their ability to opt into this action, have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

**ANSWER:** Defendant admits that Plaintiffs seek to represent a group of individuals as set forth in Paragraph 5.14 of the Complaint but denies that such representation is proper.

5.15. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.15 of the Complaint.

5.16. Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.16 of the Complaint.

5.17. Plaintiffs have retained the undersigned lead counsel with extensive experience in such matters to represent the members of the Collective Action.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.17 of the Complaint, except admits that the Complaint is signed by Plaintiffs' attorneys Rhonda H. Wills, WILLS LAW FIRM, PLLC, and Kobby T. Warren, WARREN HEALY, PLLC.

## COUNT 1

6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses to the previous allegations contained in the Complaint as if restated herein.

6.2. Plaintiffs and all others similarly situated are currently or were formerly employed as move-in coordinators by Defendant.

**ANSWER:** Defendant admits that Plaintiffs were formerly employed as move-in coordinators by Defendant but denies the remaining allegations in Paragraph 6.2 of the Complaint.

6.3. Even though Plaintiffs and all others similarly situated routinely worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiffs and all others similarly situated overtime compensation at a rate of one- and one-half times their regular rate for all hours worked in excess of 40 hours per week.

**ANSWER:** Defendant denies the allegations in Paragraph 6.3 of the Complaint.

6.4. Defendant has violated the FLSA by failing to pay Plaintiffs and all other similarly situated move-in coordinators overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

**ANSWER:** Defendant denies the allegations in Paragraph 6.4 of the Complaint.

6.5. Defendant has not made a good faith effort to comply with the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 6.5 of the Complaint.

6.6. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

**ANSWER:** Defendant denies the allegations in Paragraph 6.6 of the Complaint.

6.7. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiffs and by all other similarly situated employees.

**ANSWER:** Defendant denies the allegations in Paragraph 6.7 of the Complaint.

6.8. Defendant deliberately failed to pay Plaintiffs and all other similarly situated move-in coordinators overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

**ANSWER:** Defendant denies the allegations in Paragraph 6.8 of the Complaint.

6.9. No exemption excused the Defendant from paying Plaintiffs and all others similarly situated overtime compensation and/or minimum wages.

**ANSWER:** Defendant makes no response to the allegations in Paragraph 6.9 of the Complaint as they call for a legal conclusion and, therefore, no response is required.

6.10. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

**ANSWER:** Defendant denies the allegations in Paragraph 6.10 of the Complaint.

## JURY DEMAND

Defendant acknowledges Plaintiffs have demanded a trial by jury.

## PRAYER

Defendant denies the allegations in the "Wherefore" clause and further denies that Plaintiffs or the putative collective members are entitled to any remedy or relief sought in the "Wherefore" clause.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted below are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which plaintiffs have the burden of proof or persuasion.

Subject to the preceding qualifications, Defendant asserts the following separate affirmative defenses to the Complaint:

## FIRST DEFENSE

1. Plaintiffs' Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

2. Plaintiffs' Complaint fails to state facts sufficient to constitute any cause of action entitling Plaintiffs to recover any injuries.

## THIRD DEFENSE

3. The Complaint is barred, in whole or in part, to the extent Plaintiffs or any putative collective action member is exempt from eligibility for overtime compensation under the Fair Labor Standards Act.

## FOURTH DEFENSE

4. The Complaint, and each cause of action alleged therein, fails, in whole or in part, to the extent Plaintiffs or the putative collective action members failed to raise these claims in a timely fashion.

## FIFTH DEFENSE

5. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiffs or the putative collective action members have ever recovered in other proceedings against Defendant any monies for the wages, benefits, or other compensation at issue in this action.

## SIXTH DEFENSE

6. Plaintiffs and the putative collective members had a duty to mitigate and, with the exercise of reasonable diligence, could have mitigated the alleged monetary damages to them. Plaintiffs and the proposed collective members failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages. By reason thereof, they are barred, in whole

or in part, from recovering any damages from Defendant.

## SEVENTH DEFENSE

7. The Complaint fails, in whole or in part, because at all relevant times, Defendant acted lawfully and in good faith and did not violate any rights that may be secured to Plaintiffs or proposed collective members under federal, state or local laws, rules or regulations.

## EIGHTH DEFENSE

8. Plaintiffs are not similarly situated to the putative collective members and, as such, should not be part of any collective action.

## NINTH DEFENSE

9. Plaintiffs are not adequate representatives of the putative collective action members and, as such, should not be permitted to pursue any collective action.

## TENTH DEFENSE

10. This case is not appropriate for certification as a collective action because any common issues of fact or law are insignificant compared to the issues particular to plaintiffs and to the putative collective action members.

## ELEVENTH DEFENSE

11. Plaintiffs cannot establish and maintain a collective action because they cannot demonstrate that such an action is superior to other methods available for adjudicating the controversy.

## TWELFTH DEFENSE

12. Plaintiffs' putative collective action fails because the questions of law and fact presented in the Complaint are not common to the proposed collective members.

## THIRTEENTH DEFENSE

13. Punitive or liquidated damages are unavailable because Defendant made good faith efforts to comply with the law.

## FOURTEENTH DEFENSE

14. The causes of action alleged by Plaintiffs and the proposed collective members are barred, in whole or in part, to the extent the doctrines of estoppel, unclean hands, ratification, acquiescence, accord and satisfaction, waiver and/or offset apply.

## FIFTEENTH DEFENSE

15. The Complaint, and each cause of action alleged therein, are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## SIXTEENTH DEFENSE

16. The Complaint, and each cause of action alleged therein, are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

## SEVENTEENTH DEFENSE

17. Neither Plaintiffs nor any alleged putative collective member can recover overtime pay for time periods which fall within the "*de minimis*" exception. Any such time periods are insubstantial, insignificant, or, as a practice or administrative matter, could not have been precisely recorded so that Plaintiff and other alleged putative collective members are precluded from recovery.

## EIGHTEENTH DEFENSE

18. The Complaint, and each cause of action alleged therein, are limited, in whole or in part, by the applicable statute of limitations.

## NINTEENTH DEFENSE

19. The Complaint, and each cause of action alleged therein, are barred, in whole or in

part, to the extent that Plaintiffs or any putative collective members have given a release to Defendant, individually or collectively, in exchange for adequate consideration.

### TWENTIETH DEFENSE

20. Any award of statutory or punitive damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Defendant reserves the right to assert any and all additional affirmative defenses that may be ascertained during the course of discovery. By virtue of alleging the above defenses, Defendant does not adopt or assume any burden of proof, persuasion, or production not otherwise legally assigned to it, and Defendant does not concede that facts contrary to one or more of the averments above would support liability as to Defendant.

Dated this April 21, 2025                                  KING & SPALDING LLP

/s/ Alfonso Garcia Chan
Alfonso Garcia Chan
State Bar No. 24012408
2601 Olive Street Suite 2300
Dallas, Texas 75201
Telephone: (214) 764-4600
Facsimile: (214) 764-4601
achan@kslaw.com

Gina Merrill (pro hac vice
application forthcoming)
gmerrill@kslaw.com
Sherlyn Abdullah (pro hac vice
application forthcoming)
sabdullah@kslaw.com
1185 Avenue of the Americas

34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (214) 556-2222

William Gordon (pro hac vice
application forthcoming)
State Bar No. 24115269
bgordon@kslaw.com
J. Robert Sheppard, III (pro hac vice
application forthcoming)
State Bar No. 24107910
rsheppard@kslaw.com
1100 Louisiana, Suite 4100
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

*Attorneys for Defendant FirstKey Homes, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, a true and correct copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

*/s/ Alfonso Garcia Chan*
Alfonso Garcia Chan