IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAKI HARPER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:25-CV-642-L-BW |
| | § | |
| FIRSTKEY HOMES, LLC, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Defendant FirstKey Homes, LLC filed a Motion to Compel Discovery from Plaintiffs and a supporting appendix on December 15, 2025.  (Dkt. No. 59 ("Mot."), 60 ("App.").)[2]  Plaintiff filed a response on January 2, 2026 (Dkt. No. 64 ("Resp.")), and Defendant filed a reply on January 6, 2026 (Dkt. No. 65 ("Reply")).  After considering the briefs and applicable law, the Court grants the motion in part.

## I. BACKGROUND

This collective action has been brought by move-in coordinators alleging that FirstKey willfully failed to pay them at an overtime rate for hours worked more than

---

[1] United States District Judge Sam A. Lindsay has referred this action to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 32.)

[2] Defendant's motion does not comply with court briefing rules.  First, it does not contain a table of contents and table of authorities despite exceeding ten pages.  *See* N.D. Tex. L. Civ. R. 7.2(d).  Additionally, although Defendant complied with the requirement to prepare a sequentially paginated appendix, the parties did not use that pagination and instead cited its appendix by exhibit number.  *See* N.D. Tex. L. Civ. R. 7.2(e).  Going forward, the parties are encouraged to comply with local rules regarding briefs because they are intended to—and do—assist the Court in its efficient consideration and resolution of motions.

40 hours per week and failing to maintain accurate records.  (*See* Dkt. No. 1 at ¶¶ 6.2-

6.10.)  The parties are engaged in pre-notice discovery in contemplation of a motion

authorizing notice to similarly situated move-in coordinators, as provided in *Swales v.*

*KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

By its motion, Defendant requests that the Court order Plaintiffs to respond to

several discovery items:

> Interrogatory No. 1: Identify and describe in detail each instance that
> you contend you performed overtime work for FirstKey and were not
> properly paid overtime compensation, including the date, the specific
> hours worked, and the amount of compensation you believe you are
> owed.
>
> Interrogatory No. 3: Identify all communications (whether written or
> verbal) you had with any current or former employee of FirstKey
> regarding FirstKey's alleged failure to properly compensate you for
> overtime or regarding alleged off-the-clock claims against FirstKey.
>
> Interrogatory No. 4: Identify and describe in detail all complaints you
> made to any person or entity regarding your compensation at FirstKey.
>
> Interrogatory No. 5: Identify any person who instructed or encouraged
> you to inaccurately log or record your hours worked at FirstKey or who
> revised or modified your timekeeping record to inaccurately reflect your
> hours worked at FirstKey.
>
> Interrogatory No. 6: Identify and describe in detail all positions
> (including jobs, employment, contracts, consulting roles, internships, or
> fellowships) for which you were paid compensation by any employer,
> person or entity other than FirstKey while you were employed by
> FirstKey, including the employer, person or entity compensated that
> compensated you and the dates during which you held the position.
>
> Interrogatory No. 7: Identify each mobile telephone number you had or
> used at any point during your employment with FirstKey.  For each,
> specify the mobile telephone number, the mobile service provider (e.g.,
> Verizon, AT&T, T-Mobile, etc.), and the dates you used each number.

Request for Production No. 1: All documents relating to your employment with FirstKey, including any onboarding and offboarding documents, performance reviews, complaints or disciplinary records, and your federal and state tax returns and W-2s for each year that you were employed by FirstKey.

Request for Production No. 5: Complete phone records, including but not limited to call and text message logs, for every mobile phone number you identified in response to Interrogatory No. 6 during the time you were employed by FirstKey.

Request for Production No. 9: All documents relating to your allegation that "Defendant's policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for all hours worked over 40 in a week as required by the FLSA," as alleged in Paragraph 4.7 of your Complaint.

Request for Production No. 10: All documents relating to your allegation that "Defendant knowingly failed to pay overtime and/or minimum wages to Plaintiffs and all others similarly situated in violation of the FLSA," as alleged in Paragraph . . . 4.11 of your Complaint.

## II.  LEGAL STANDARDS

Rule 26 provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  A party may, under Rule 34, request documents and electronically stored information.  *See* Fed. R. Civ. P. 34(a)(1).  And, if a party responding to such request "fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34," Rule 37 authorizes the requesting party

to file a motion seeking an order compelling the withholding party to produce the requested discovery. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

In *Swales*, the Fifth Circuit addressed proper procedures for FLSA collective actions. In addressing the scope of preliminary discovery, it instructed that

> a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court . . . should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Swales*, 985 F.3d at 441. District courts have considerable discretion in this regard. *See id.* at 443. The burden is on plaintiffs to show that members of the putative collective action are similarly situated. *Id.* at 443 n.65. "To determine whether a plaintiff has met her burden of showing that the putative collective-action members are similarly situated, courts consider three factors: (1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (3) fairness and procedural considerations." *Torres v. Chambers Protective Servs., Inc.*, No. 5:20-CV-212-H, 2021 WL 3419705, at *3 (N.D. Tex. Aug. 5, 2021) (footnote omitted).

## III. DISCUSSION

The crux of the dispute between the parties in the instant discovery motion concerns whether the requested discovery is appropriate during this pre-notice phase

of the case.  Plaintiffs argue that each one of the discovery requests is unsuitable for pre-notice discovery under *Swales* and posits that some of them are objectionable for other reasons too.  (*See* Resp. at 6.)  The Court first addresses Plaintiffs' assertion that Defendant's discovery oversteps the bounds articulated by *Swales*.

As the parties acknowledge, the Court must draw a border around the facts and legal considerations relevant to determining whether a group of employees is "similarly situated" and then authorize preliminary discovery of those issues.  *See Swales*, 985 F.3d at 441.  That line is not static—it varies based on the particular facts of a case.  *See id.*

Plaintiffs' current request that the Court draw a narrow boundary around pre-notice discovery stands in stark contrast to their prior position advocating for an order compelling Defendant to respond to their discovery.  (*See* Dkt. No. 39.)  When pressed about Plaintiffs' own requests that Defendant provide every email, instant message, and record of app usage, Plaintiffs assured the Court that the information was more than merely appropriate or relevant—they described the discovery sought as "essential" (Dkt. No. 46 at 14) and "critical" (*see* Dkt. No. 54 (Rec. at 9:05:55-60)) at this stage of the proceedings.  Even if *Swales* were to justify a tighter circle than what the Court has previously authorized in this case, the breadth has been set on Plaintiffs' request, and their attempt to now severely curtail pre-notification discovery is not well received.

In the first category of information sought by the motion, Defendant asserts that Plaintiffs should be required to fully answer Interrogatory No. 1 requesting the

identification and details of any instances of unpaid overtime work. (Mot. at 7.)

Plaintiffs' did not respond to the interrogatory and stated instead that each one

"routinely worked off-the-clock for FirstKey and was not properly compensated for

work she performed before clocking in, after clocking out, during uncompensated

meal periods, and on scheduled days off." (Resp. at 6.) Plaintiffs assert that their

response is sufficient at this stage, as they are not required to provide a full

accounting of their unpaid overtime hours and any variation among them concerning

the number of hours is simply a difference in damages that is irrelevant to

"certification" of the collective action. (*See id.* at 6-10.) Whether Plaintiffs engaged

in unpaid overtime work at all is relevant to the question of similarity, and their

general response that they did so "routinely" is insufficient. Plaintiffs are ordered to

fully respond to Interrogatory No. 1.

Defendant seeks an order compelling Plaintiffs to fully respond to

interrogatories seeking information about Plaintiffs' discussions with FirstKey

employees concerning unpaid work performed or compensation. One opt-in Plaintiff

responded to Interrogatory No. 4 by identifying a FirstKey employee to whom she

complained regarding unpaid off-the-clock work performed. All others stated in

response to Interrogatory Nos. 3 and 4 that they have "not discussed this lawsuit"

with any FirstKey employee outside the presence of Plaintiff's counsel. (Resp. at

11.) With the one exception noted, Plaintiffs' answers are not responsive to the

questions posed. Regardless whether the Court ultimately determines that

differences between Plaintiffs with respect to notification of their claims against

6

FirstKey is relevant to assessment of similarity, the Court concludes that the requested discovery is appropriate at this stage of this case. Plaintiffs are ordered to fully respond to Interrogatory Nos. 3 and 4.

Defendant next seeks an order compelling Plaintiffs to fully respond to Interrogatory No. 5, which seeks the identity of FirstKey employees who instructed or encouraged them to keep inaccurate time records or modified time records to make them inaccurate. Plaintiffs responded that it was "general knowledge throughout the company" that the company required move-in coordinators to work unpaid overtime. (Resp. at 14.) Plaintiffs' answer is not responsive to the interrogatory, but they assert that the requested discovery is irrelevant to the question of similarity. The Court disagrees, particularly in light of the discovery allowed in this case, and orders Plaintiffs to fully respond to Interrogatory No. 5.

Defendant next asks the Court to require Plaintiffs to provide responses to discovery seeking information about other jobs held while employed at FirstKey. Interrogatory No. 6 seeks information about each job held during employment at FirstKey. And included within Request for Production No. 1 is a solicitation for all federal and state tax returns and W-2s for the years in which a plaintiff was employed by FirstKey. FirstKey reasons that such information is relevant because performing work for other employers makes it less likely that a plaintiff would be also performing unpaid overtime work for FirstKey. (Mot. at 7-8.) Plaintiffs assert that the information sought is not appropriate pre-notice and, additionally, that the production of tax returns is generally irrelevant or not supported by a compelling

need.  (Resp. at 16-20.)  The Court disagrees that the information sought is irrelevant to the claims asserted, *see Areizaga v. ADW Corp.*, 314 F.R.D. 428, 438 (N.D. Tex. 2016), and concludes that the requested discovery may be appropriate at this stage of proceedings in this case.  As to federal and state tax returns, however, the Court concludes that the requested information might reveal the value of any work performed for other employers but would not be highly probative of the volume of work performed.  *Cf. Roytlender v. D. Malek Realty, LLC*, No. 21-CV-52 (MKB) (JMW), 2022 WL 5245584, at *6 (E.D.N.Y. Oct. 6, 2022) ("Defendants argue that Plaintiff's tax returns are relevant because if Plaintiff performed substantial work for S&N and M&F while employed for Defendants such evidence would make Plaintiff's claim that she worked numerous overtime hours for Defendants less probable.  The Court does not agree.  The information contained in Plaintiffs' tax returns will not show the amount of hours she allegedly worked for either company." (citation omitted)).  Plaintiffs are ordered to respond fully to Interrogatory No. 6, but Defendant's motion is denied as to Request for Production No. 1 seeking tax returns without prejudice to reconsidering it on full merits discovery.

Defendant seeks through Interrogatory No. 7 and Request for Production No. 5 information about Plaintiffs' cell phones used while employed at FirstKey and "[c]omplete" records for those phones.  Plaintiffs objected to the interrogatory on the basis that it is "harassing" and irrelevant, violates the plaintiff's privacy, constitutes a "fishing expedition," overbreadth, and request information equally available to Defendant.  (*See, e.g.*, App. 33.)  They objected to the request for production to the

extent it sought privileged information and on the basis that it sought private information, undue burden, and overbreadth.  (*See id.* 363-64.)

Defendant contends that this information is relevant to the extent call and text activity would disprove that a plaintiff was engaged in uncompensated overtime work for FirstKey.  Plaintiffs contend that the information is not discoverable even in "full-blown" merits discovery because it invades their privacy.  (Resp. at 21.) Defendant's cited authority, *Radford v. Pevator Companies, Ltd.*, No. H-17-3381, 2018 WL 11662360 (S.D. Tex. Aug. 13, 2018), and the cases relied upon therein are helpful in this context.  There, Judge Rosenthal required plaintiffs asserting similar claims to provide three months of phone records (selected by the defendant) from each year in which the plaintiffs asserted they worked unpaid overtime.  *Id.* at *3. Based on the reasoning of *Radford*, the Court orders Plaintiffs to fully respond to Interrogatory No. 7 and, in response to Request for Production No. 5, produce three months of records showing the time, date, and duration of calls and text messages for each phone number identified for each year in which the plaintiff asserts a claim of unpaid overtime or off-the-clock work performed.  Defendant may select the months.

Finally, Defendant requests that Plaintiffs be ordered to fully respond to Request for Production Nos. 9 and 10, which respectively seek documents concerning a FirstKey policy to not pay for overtime worked in violation of the FLSA and about its awareness that it did so.  Plaintiffs asserted boilerplate objections to these requests on the basis of privilege, irrelevance, undue burden, overbreadth, and equal availability to the Defendant.  (App. 366.)  In their response to the motion

to compel, however, Plaintiffs have not addressed Defendant's motion as to these requests and, therefore, have waived grounds for opposition. *See Samsung Elecs. America, Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017) ("A party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection."). Plaintiffs are ordered to fully respond to Request for Production Nos. 9 and 10.

## IV. CONCLUSION

Defendant's motion to compel (Dkt. No. 59) is **GRANTED** in part. No later than 21 days from this date, Plaintiffs must fully respond to Interrogatories Nos. 1, 3, 4, 5, 6, and 7 and Requests for Production Nos. 5 (as limited herein), 9, and 10. Defendant's motion is **DENIED** in all other respects.

**SO ORDERED** on January 15, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE